**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| T-NETIX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 2:09-cv-00333-TJW |
| ) | |
| PINNACLE PUBLIC SERVICES, LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT PINNACLE PUBLIC SERVICES, LLC'S MOTION TO TRANSFER FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) AND FOR CONVENIENCE UNDER 28 U.S.C. § 1404(A)**

Defendant Pinnacle Public Services, LLC ("Pinnacle") moves, pursuant to Fed. R. Civ. P. 12(b)(3), to transfer T-Netix, Inc.'s ("T-Netix") Amended Complaint for patent infringement to the Northern District of Texas, Dallas Division due to improper venue under 28 U.S.C. §§ 1400(b), 1406(a) and for the convenience of the parties under 28 U.S.C. § 1404(a).

**SUMMARY OF ARGUMENT**

This case has no connection to the Eastern District of Texas and should be transferred to the Northern District of Texas – the Dallas division has a connection to the case and is clearly more convenient to all parties than the Eastern District. First, to properly lay venue in a patent case, a plaintiff must show that the defendant either 1) resides in the judicial district or 2) has committed acts of infringement and maintains a regular and established place of business in the judicial district. But, Pinnacle neither resides nor operates any data centers, the accused infringing instrumentality, in the Eastern District. Accordingly, venue is improper in the Eastern District. Second, for the convenience of the parties, the Court should transfer this case to the

Northern District of Texas because is will be clearly more convenient for both parties.  In the present case, the plaintifføs principal place of business is in Dallas, TX, and Pinnacle operates its only Texas based data center ó the accused instrumentality ó there. Other potential witnesses reside in California and New York, and Dallas offers a more convenient forum for those witnesses.

## STATEMENT OF FACTS

Plaintiff accuses Pinnacleøs Intelmate system of infringing the claims of U.S. Patent Nos. 5,655,013, 6,611,583, 6,650,323 and 7,248,680 related to methods and systems for monitoring phone calls.

Pinnacle is an Oregon corporation with its principal place of business in Ontario, OR. (Amended Complaint, ¶ 2.)  The Intelmate system is server-based and provides services to institutions, such as prisons, around the country.  Intelmate operates out of a number of data centers located in the U.S. and abroad.  (Exh. 1, ¶ 6.)  None of these data centers are located in the Eastern District of Texas.  (*Id.* at ¶ 4, 5.)  There are no customers of Intelmate located in the Eastern District of Texas.  (*Id.*)  The technical staff who develop and maintain the Intelmate system reside and work in San Francisco, CA.  (*Id.* at ¶ 8.)

Plaintiff T-Netix has its principal place of business in Dallas, TX.  (Amended Complaint, ¶ 1). T-Netix is believed to be affiliated with or owned by Securus Technologies, Inc. (õSecurusö), a competitor of Pinnacle in the field of institutional telecommunications. (Exh. 2, (http://www.securustech.net/public/press_listing.asp?press_id=21).  Securesø principal place of business also is in Dallas, TX.  (Exh. 3, http://www.securustech.net/public/press_listing.asp?press_id=65).

## ARGUMENT

**I.  THIS COURT SHOULD TRANSFER TO THE NORTHERN DISTRICT BECAUSE THE EASTERN DISTRICT IS AN IMPROPER VENUE**

**(a)  Applicable Law**

In a suit for patent infringement, venue is proper (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides: "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). When a state has multiple districts, like Texas, the corporate defendant resides only in those districts where it is subject to personal jurisdiction:

> In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State…

*Id*. Accordingly, for venue to be proper in the Eastern District of Texas, the corporate defendant must have sufficient contacts with the Eastern District to be subject to personal jurisdiction there. *See Avery Dennison Corp. v. Alien Tech. Corp.*, 632 F. Supp. 2d 700, 712-13 (N.D. Ohio 2008).

In determining whether personal jurisdiction exists, the court looks to 1) the state's long-arm statute and 2) the limits of due process, and in Texas, where the long-arm statute is coextensive with the limits of due process, these two inquiries collapse into a single due process analysis. *Hanson Pipe and Prods., Inc. v. Bridge Techs. LLC*, 351 F. Supp. 2d 603, 609 (E.D. Tex. 2004). Personal jurisdiction may be either "general" or "specific." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). General jurisdiction exists when a defendant maintains "systematic and continuous" contacts with the forum such that the defendant should be amenable to suit whether or not it arises out of the defendant's contacts

with the forum. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)). "Specific jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998).

**(b)     Pinnacle Does not Reside in the Eastern District of Texas.**

Pinnacle is not subject to personal jurisdiction in the Eastern District of Texas. Pinnacle's sole contact with the jurisdiction is a former contract with Network Communications International Corporation ("NCIC"). (Exh. 1, ¶ 9.) Under this contract, NCIC purchased collect phone call records from prisons serviced by Pinnacle's systems. (*Id.*) The sale of collect call billing information is wholly unrelated to this suit and the patents at issue. The accused instrumentality are data centers distributed throughout the U.S. and abroad. (*Id.* at ¶ 6.) None of these servers reside in the Eastern District of Texas. (*Id.* at ¶ 4-6.) It is untrue, as T-Netix alleges, that Pinnacle operates a data center in Longview, TX. (Exh. 1, ¶ 7; Amended Complaint, ¶ 4.) Pinnacle has never operated, and has no current plans to operate in the future, a data center in the Eastern District of Texas. (Exh. 1, ¶ 4, 5.)

Regarding general jurisdiction, Pinnacle's single contact is neither systematic nor continuous. In fact, that contract ended well before this case was filed and therefore Pinnacle had no contacts with this District at the time T-Netix filed the present lawsuit. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414-16 (1984); (Exh. 1, ¶ 9.) Courts have held that even when a defendant has made isolated sales into the forum, sent its employees into the forum and signed contracts related to the forum, its contacts are not sufficiently "systematic and continuous" to warrant the exercise of general jurisdiction. *Alpine View Co. v. Atlas Copco AB*,

4

205 F.3d 208, 217-18 (5th Cir. 2000). In this case, Pinnacle's far fewer contacts are insufficient to confer general jurisdiction over it in this District.

Pinnacle is not subject to specific jurisdiction because its single contact with the Eastern District is the expired NCIC contract, and it has nothing to do with the patents in suit. (Exh. 1, ¶ 9.) Potential infringement would occur only at the data centers. Pinnacle has never operated a data center in the Eastern District of Texas and also has no customer institutions in the forum. (Exh. 1, ¶ 4, 5.) Therefore, T-Netix's claim of patent infringement does not arise out of Pinnacle's activities in the Eastern District of Texas and Pinnacle is not subject to specific personal jurisdiction. *3D Sys, Inc.*, 160 F.3d at 1378 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)).

**(c)   Pinnacle Has Not "Committed Acts of Infringement" Nor Does it Have a "Regular and Established Place of Business" in the Eastern District of Texas.**

If T-Netix cannot show that Pinnacle resides in the Eastern District of Texas, then it must show that Pinnacle "has committed acts of infringement **and** has a regular and established place of business" in this judicial district. 28 U.S.C. § 1400(b) (emphasis added). Pinnacle has neither. (Exh. 1, ¶ 4, 5 and 7.) Accordingly, venue is improper.

**(d)   This Court Should Transfer the Case Under 28 U.S.C. § 1406(a).**

If venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, this Court should transfer the case to the Northern District of Texas, in which venue is proper and, as discussed below, is clearly more convenient for the parties.

## II.   IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF TEXAS UNDER 28 U.S.C. § 1404(a) FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Transfer is governed by local circuit court law.  *In re TS Tech Corp*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  When considering a § 1404 motion to transfer, a district court must consider a number of private and public interest factors.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("VW II").

The private interest factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Id.*

The public interest factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law.  *Id.*

A party seeking transfer must show good cause for the transfer.  When viewed in the light of § 1404(a), to show good cause, a moving party must demonstrate that transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id*.  "While the plaintiff's choice of forum is accorded deference (citations omitted), Fifth Circuit precedent clearly forbids treating the plaintiff's choice of forum as a distinct factor in the § 1404(a) analysis." *In re TS Tech*, 551 F.3d at 1320.

6

**(a)   The Private Interest Factors Support Transfer of This Case to the Northern District of Texas**

The Northern District of Texas would be far more convenient for the parties and the likely material witnesses than the Eastern District of Texas. T-Netix, the plaintiff in this case, is based in Dallas, TX. In addition, Pinnacle operates a data center in Dallas. (Amended Complaint, ¶ 1; Exh. 1, ¶ 6.) T-Netix accuses that data center of being an infringing instrumentality. Accordingly, the "ease of access to sources of proof" factor weighs in favor of transfer to the Northern District of Texas as it is the plaintiff's home and the location of an accused instrumentality. T-Netix's witnesses presumably will be located at its principal place of business, in Dallas, TX. Other likely witnesses may be located outside of Texas, and for those witnesses Dallas will be more convenient than the Eastern District. For example, Pinnacle may have witnesses located in San Francisco, California, (Exh. 1, ¶ 8.), it appears that the inventor of the patents-in-suit resides in Massachusetts and that the attorneys who obtained the patents-in-suit reside in New York and in the Northern District of California. For those witnesses, it will be more convenient to travel to Dallas, TX than to Marshall, TX due to the availability of a nearby International airport with direct service to those various locations.

The distance between Marshall, TX and Dallas, TX is legally significant and weighs in favor of transfer. The Fifth Circuit held that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen*, 371 F.3d 201, 205 (5th Cir. 2004) ("VW I"). The court held that the 155 mile distance between Dallas, TX and Marshall, TX weighed in favor of transfer to the Northern District of Texas, the location of the cause of action and the majority of the witnesses. *VW II*, 545 F.3d at 317 ("As to the witnesses', it is apparent that it would be more convenient

7

for them if this case is tried in the Dallas Division, as the Marshall Division is 155 miles from Dallas.ö).

The private factors support transfer of this case to the Northern District of Texas.

**(b)    The Public Factors Support Transfer of This Case to the Northern District of Texas**

Three of the four public interest factors are likely neutral in the transfer analysis: court congestion, the familiarity of the forum with the law, and conflicts in the application of foreign law. *VW II*, 545 F.3d at 315. The remaining factor, the local interest in having localized interests decided at home, weighs heavily in support of transfer to the Northern District. *Id.* As in *VW II*, no party to the case has relevant contacts with the forum. T-Netixøs operations are in the Northern District of Texas. (Amended Complaint, ¶ 1.) Pinnacle operates a data center in the Northern District and has no contacts with the Eastern District other than a single contract unrelated to the technology of the patents-in-suit that was terminated before the case was filed. (Exh. 1, ¶ 9.) Accordingly, the Eastern District of Texas has no interest in hearing this case, while the Northern District has a significant interest because relevant witnesses and sources of proof are available there ó such as Pinnacleøs data center ó and it is the plaintifføs principal place of business. (Amended Complaint, ¶ 1.) The local interest in trying the case therefore is significant in Dallas, TX and nonexistent in the Eastern District .

The public factors support transfer of this case to the Northern District of Texas.

**CONCLUSION AND PRAYER**

Accordingly, Defendant Pinnacle respectfully requests that this Court transfer this case to the Northern District because the Eastern District of Texas is an improper venue and Dallas is clearly more convenient for the parties and witnesses.

Respectfully submitted,

By: <u>/s/ J. Thad Heartfield</u>
J. Thad Heartfield
Texas Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Rd.
Beaumont, TX 77706
Tel: (409) 866-3318
Fax: (409) 866-5789
thad@jth-law.com

Frank C. Cimino, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 420-2200
Fax: (202) 420-2201
ciminof@dicksteinshapiro.com
(pro hac vice pending)

*Attorneys for Defendant Pinnacle Public Services LLC*

**CERTIFICATE OF CONFERENCE**

The parties formally met and conferred by phone on the issues raised by this motion on January 19 and 20, 2010.  Discussions between Pinnacle's counsel, Kevin Parton, and T-Netix's counsel, Anthony Magee, failed to result in an accord.  The parties are at a definitive impasse with respect to this issue.  Mr. Magee has advised that Plaintiff is opposed to Pinnacle's motion.  The discussions have conclusively resulted in an impasse leaving an open issue that only the Court can resolve.

        /s/  J. Thad Heartfield              _
        J. Thad Heartfield

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 20th day of January, 2010.  Any other counsel of record will be served by first class mail.

           /s/ J. Thad Heartfield               
        J. Thad Heartfield