# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

T-NETIX, INC. §
§
vs. § CASE NO. 2:09-CV-333-CE
§
§
PINNACLE PUBLIC SERVICES, LLC §

## MEMORANDUM OPINION AND ORDER

**I.    Background**

Plaintiff T-Netix, Inc. ("T-Netix") brought suit against Pinnacle Public Services, LLC ("Pinnacle") in October of 2009 and amended its original complaint three days later. Pinnacle filed the present motion seeking a transfer to the Northern District of Texas in January of 2010. (Dkt. No. 12). Pinnacle seeks transfer for improper venue under FED. R. CIV. P. 12(b)(3) and for convenience under 28 U.S.C. § 1404(a). For the reasons stated below, the Court DENIES Pinnacle's motion to transfer.

**II.   Factual Background**

T-Netix is a Delaware corporation with its principal place of business in Dallas, Texas. Plaintiff makes, uses, sells, and offers to sell specialized telecommunication equipment and services to correctional institutions that include billing, call processing, pre-connection restrictions, digital recording, and other capabilities. The patents in suit, assigned to T-Netix, relate to a computer method and apparatus for controlling, monitoring, recording, and reporting telephone access.[1]

---

[1]    The patents in suit include U.S. Patent Nos. 6,560,323, 5,655,013, 6,611,583, and 7,248,680.

Pinnacle, a direct competitor of T-Netix, is incorporated and headquartered in Oregon. Pinnacle admits to having a data center in Dallas, but denies having significant contacts with the Eastern District of Texas. Plaintiff produced substantial documentary evidence containing statements by Pinnacle that it had a data center and a call center in Longview, Texas and that its contractual relationship with NCIC in Longview, Texas was a "partnership." Pinnacle contends that the dozens of separate references to its facilities in Longview in its sales and promotional materials were the result of a clerical error and that no Longview facility exists. Pinnacle admits that its customers place calls to the Eastern District of Texas, an activity T-Netix contends infringes.

Pinnacle identified no witnesses it intends to call and provided no evidence relating to the location of documentary evidence.

## III. Legal Standard

Defendant seeks transfer to the Northern District of Texas under both 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 12(b)(3). Under § 1404(a) the movant must show that the transferee venue would be both proper and more convenient while under 12(b)(3) the movant must show that the transferee venue would be proper and the venue where the original action was brought is improper.

### A. Transfer for the Convenience of Parties Under 28 U.S.C. § 1404(a)

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying *Volkswagen II* to rulings on transfer motions out of this circuit). The Fifth Circuit has clarified the standard that district courts in this circuit should apply when deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The Fifth Circuit ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal." *Id.* at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the party seeking a transfer must show good cause why a court should not defer to the plaintiff's choice of forum. *Id.* at 315. Under the good cause standard, "when the transferee venue is not clearly more convenient, the plaintiff's choice should be respected." *Id.*

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those used for *forum non conveniens* dismissals, which include both public and private interest factors. *Id.* at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, Inc., 321 F.2d 53, 56 (5th Cir. 1963)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary

3

problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

### B. Improper Venue Under FED. R. CIV. P. 12(b)(3)

In patent infringement suits, venue is governed by 28 U.S.C. § 1400(b), which states that "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular or established place of business." A corporation is deemed to "reside" in any judicial district in which it would have been subject to personal jurisdiction if that judicial district were considered to be a state. 28 U.S.C. § 1391(c). A court may exercise personal jurisdiction over an out-of-state defendant when the forum state's long-arm statute permits service of process and the assertion of personal jurisdiction would not violate due process. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359-60 (Fed. Cir. 2001) (citing *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997)). In Texas, the long-arm statute extends to the limits of due process, so personal jurisdiction over a party exists where exercise of personal jurisdiction comports with due process. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 412-13, 104 S.Ct. 1868 (1984).

To determine whether asserting jurisdiction over an out-of-state defendant comports with due process, the Federal Circuit established a three factor test. *Inamed*, 249 F.3d at 1360 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 45 (Fed. Cir. 1995)). The three factors are: (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is "reasonable and fair." *Id.*

In the absence of an evidentiary hearing, the party seeking to assert jurisdiction must present sufficient facts to make out only a prima facie case supporting jurisdiction. *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). The Court must accept as true that party's uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation. *Id.*

### IV. Analysis

As explained below, in its motion seeking transfer under § 1404(a), Pinnacle failed to demonstrate that the Northern District of Texas would be a clearly more convenient venue. In its motion seeking transfer for improper venue, Pinnacle failed to demonstrate that the Eastern District of Texas is an improper venue.

#### A. Transfer Under 28 U.S.C. § 1404(a)

##### 1. Threshold Issue

In its motion, Pinnacle admitted that it operated a data center in Dallas, Texas where it practiced the methods accused of infringing. This permanent data center would be sufficient to secure at least specific personal jurisdiction over Pinnacle in the Northern District of Texas, and thus the present action could have been brought there.

##### 2. Section 1404(a) Analysis

Although it has satisfied the threshold requirement of *Volkswagen*, Pinnacle has failed to demonstrate that the Northern District of Texas would be clearly more convenient than the present venue.

### a. Private Interest Factors

#### i. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–5. Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its "central location . . . in the absence of witnesses within the plaintiff's choice of venue." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).

Pinnacle identified no witnesses in its motion, and only vaguely referred to potential witnesses living in Oregon, California, Massachusetts, and Dallas. Based on Pinnacle's submission, the Court cannot determine the relative convenience of the forums for those witnesses. Pinnacle argues that the presence of an airport in Dallas makes Dallas clearly more convenient, but Shreveport, Louisiana also has a commercial airport convenient to Marshall. Further, Pinnacle's relationship with NCIC appears to be an important issue in the case, and transfer to the Northern District of Texas would require any third party witnesses related to NCIC to travel over 100 miles. T-Netix, however, similarly failed to identify any potential witnesses from NCIC so the Court cannot properly weigh the convenience of transfer.

Against this backdrop, the Court finds this factor to be neutral.

### ii. The Availability and Location of Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in the § 1404(a) analysis. *See id.*

Pinnacle asserts, but offers no evidence, that Plaintiff's sources of proof are concentrated in the Northern District of Texas. T-Netix asserts, but offers no evidence, that evidence relevant to the case will be located in the Eastern District of Texas as well as scattered elsewhere throughout the country. This factor is therefore neutral.

### iii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness's attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

Neither party has identified any third party witnesses for whom a subpoena may be necessary. However, T-Netix has indicated that NCIC, which is located in Longview less than 100 miles from the Marshall courthouse, is a third party who may have evidence relevant to its case. Further, Pinnacle's description of NCIC as its "partner" in several pre-litigation documents indicates that NCIC and its employees may not cooperate with Plaintiff's requests absent subpoena.

Based on what little information has been provided by the parties, the Court finds that this factor weighs against transfer.

iv.  **The Possibility of Delay and Prejudice if Transfer is Granted**

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir.2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

b.  **Public Interest Factors**

i.  **The Administrative Difficulties Caused by Court Congestion**

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved is a factor." *In re Genentech*, 566 F.3d at 1347. Of the factors weighed to determine whether transfer would be proper, court congestion is the most speculative. *Id.* The parties have not argued that this factor weighs for or against transfer. Accordingly, the Court finds that the congestion factor is neutral.

ii.  **The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty**

Transfer may be appropriate where none of the operative facts occurred in the transferor forum and where the forum has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Pinnacle relies on its assertion that it has no contacts with the Eastern District of Texas in its argument that the Eastern District has no local interest in resolving the dispute and that burdening local citizens would be unfair. In response, T-Netix provided evidence of

Pinnacle's presence in or close contacts with the Eastern District. Because substantial local interests exist in both the Eastern District of Texas and the Northern District of Texas, the Court finds this factor to be neutral.

                            **iii.**        **The Familiarity of the Forum with the Law that will Govern the Case**

The parties agree that this factor is neutral.

                            **iv.**        **The Avoidance of Unnecessary Problems in Conflict of Laws**

The parties agree that this factor is neutral.

        **3.**        **Conclusion**

Having considered the arguments and evidence of the parties, the Court finds that Pinnacle has met its threshold burden of showing that the present action could have been brought in the Northern District of Texas but has not shown that the Northern District would be clearly more convenient. None of the *Volkswagen* factors weigh in favor of transfer and the availability of compulsory process weighs slightly against transfer. Accordingly, the Court denies Pinnacle's motion under § 1404(a).

**B.**        **Transfer for Improper Venue under FED. R. CIV. P. 12(b)(3)**

In response to Pinnacle's Rule 12(b)(3) motion disputing venue, T-Netix produced evidence sufficient to establish a prima facie case supporting jurisdiction. Accepting as true Plaintiff's uncontroverted allegations and resolving any factual disputes in Plaintiff's favor, the Court finds that Pinnacle directed activity to the Eastern District of Texas, that Plaintiff's injury arises from or is related to that activity, and that exercising personal jurisdiction over Pinnacle in this forum is

reasonable and fair. Accordingly, the Court finds that venue is proper in the Eastern District of Texas.

### 1. Activity Directed at the Forum

Pinnacle contends that its contacts with the Eastern District of Texas are limited to a single, insignificant, irrelevant contract with a local corporation and approximately two thousand collect phone calls, which Pinnacle argues do not infringe the asserted patents. T-Netix counters with evidence that Pinnacle maintains a data center and a call center in Longview, Texas and that it considered its contractual relationship with NCIC a partnership, going so far as to represent to potential customers and clients that employees of NCIC were employees of Pinnacle. Pinnacle's documents suggest that NCIC was a part of or a partner with Pinnacle in developing and marketing the products and services that compete with T-Netix's offerings. T-Netix additionally argues that the two thousand or so phone calls placed by Pinnacle customers to the Eastern District of Texas constitutes sufficient minimum contacts to support jurisdiction.

Although Pinnacle urges that it never had a data center or call center in Longview and that this information in their materials was an error, the language describing the data center and call center is not prospective. These documents evidence an actual call center and data center in Longview, which alone would constitute sufficient activity directed toward the forum to support personal jurisdiction.

Pinnacle also asserts that its relationship with NCIC was limited to selling call data, however the documents relied upon by T-Netix evidence a partnership between Pinnacle and NCIC, if not ownership of NCIC by Pinnacle. In documents submitted for government contracts, Pinnacle identified NCIC's employees as its own and claimed that the two entities were partners in offering

products and services. This contact with NCIC, a corporation located in Longview, Texas, would alone constitute sufficient activity directed toward the forum to support personal jurisdiction.

### 2. Plaintiff's Claim

Pinnacle contends that the only relevant inquiry is where its data centers are, and that any activity not occurring in a data center is irrelevant to Plaintiff's claim. Pinnacle does not argue that Plaintiff's claim does not arise out of or relate to Pinnacle's activity in the Eastern District of Texas beyond arguing that it has no data center in Longview and that its sale of call information to NCIC does not infringe the asserted patents. However, infringement in the forum is not required for personal jurisdiction. *Inamed* requires only that a plaintiff's claim "arise out of or relate to" the defendant's activity in the forum. 249 F.3d at 1360. T-Netix has produced evidence that Pinnacle, through its relationship with NCIC, directly competed with T-Netix, and sold or offered to sell products and services that T-Netix claims infringe the asserted patents. Although these sales or offers for sale may have occurred outside of the forum, they arise out of or relate to Pinnacle's activity in the forum. Additionally, because the Court finds that Pinnacle has or had a call center and a data center based on the evidence presented, Pinnacle's argument that a data center is necessary and sufficient for jurisdiction supports a finding that venue is proper in this forum. *See Alpine View*, 205 F.3d at 215. Accordingly, Plaintiff's claim arises out of or relates to Defendant's activity in the Eastern District of Texas.

### 3. Fairness

Pinnacle has not argued that this Court's exercise of jurisdiction would be unfair or unreasonable. Based on a review of the record, the evidence before the Court suggests that Pinnacle has engaged in substantial business activity in the forum and should have reasonably anticipated

being subjected to the jurisdiction of this court. Accordingly, the Court finds that its exercise of jurisdiction over Pinnacle would be neither unfair nor unreasonable.

**V.     Conclusion**

For the reasons stated above, Pinnacle has failed to demonstrate that the Northern District of Texas would be clearly more convenient than the Eastern District of Texas or that venue is improper in the Eastern District of Texas. The Court finds that the competing factors of *Volkswagen* do not weigh in favor of transfer under 28 U.S.C. 1404(a). The Court further finds that it has personal jurisdiction over Pinnacle resulting from Pinnacle's activities in the forum and that venue is proper. Accordingly, Defendant's motion to transfer is DENIED.

SIGNED this 30th day of September, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE